IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IN RE:                                    )
                                          )
BRENDA CARTER,                            )
                                          )
         PLAINTIFF,                       )   CASE NUMBER: 5:09 cv 226
                                          )   RS-EMT
VS.                                       )   **JURY DEMAND**
                                          )
                                          )
VALENTINE & KEBARTAS, INC.                )
                                          )
         DEFENDANT.                       )

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, BRENDA CARTER, Plaintiff in the above-styled case, and asserts her cause of action against VALENTINE & KEBARTAS, INC. and would show this Honorable Court as follows:

### I. INTRODUCTION

1. This is a Complaint for damages, consisting of actual and statutory damages, brought by the Plaintiff, Brenda Carter, against the Defendant, Valentine & Kebartas, Inc. (hereinafter, "Valentine & Kebartas"), for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter, "FDCPA"); the Defendant's violations of the Florida Consumer Collection Practices Act, FLA. Stat. § 559.55 - § 559.785 (hereinafter, "FCCPA"); and the Defendant's negligence per se.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

Filed 0702 09 USDC FLN 0958

3.     This Court has venue under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Florida.

4.     This Court has personal jurisdiction over the Defendant because the Defendant has established minimum contacts in the State of Florida.  Given the fact that the Defendant engaged in collection actions in the State of Florida by placing telephone calls to Florida residents to collect debts, there is both general and specific jurisdiction over the Defendant.

## III.  PARTIES

5.     The Plaintiff is a natural person residing in Jackson County, Florida.

6.     The Defendant, Valentine & Kebartas, is a Massachusetts corporation with its principal place of business believed to be located at 15 Union Street, Lawrence, Massachusetts 01840.  The Defendant's principal purpose is to collect debts using the mail and telephone. The Defendant regularly attempts to collect debts alleged to be due another.

7.     The Defendant, Valentine & Kebartas, is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  BACKGROUND FACTS

8.     Upon information and belief, the Plaintiff had a consumer account with Dell Financial Services, LLC., (hereinafter, "Dell").

9.     The alleged indebtedness to Dell was used primarily for personal, family, or household purposes.  As such, the alleged indebtedness is a consumer debt.

10.     Upon information and belief, Valentine & Kebartas was assigned the Plaintiff's Dell account in order to attempt to collect the alleged indebtedness.

11.     Within the one year immediately preceding the filing of this Complaint, the Plaintiff received a debt collection letter (hereinafter, "dun") from the Defendant.

12. Within the one year immediately preceding the filing of this Complaint, in response to the Defendant's dun, the Plaintiff telephoned the Defendant to explain her current financial situation.

13. During the course of the conversation, the Plaintiff spoke with the Defendant's male employee concerning this alleged indebtedness.

14. During the course of the conversation, the Plaintiff attempted to explain, to the Defendant's employee, that the Plaintiff and her husband had recently suffered health problems and both were declared disabled.

15. During the course of the conversation, the Defendant's employee accused the Plaintiff of lying about her health issues and stated that she was the "reason the economy is so bad."

16. During the course of the conversation, the Defendant's unknown male employee advised the Plaintiff that he was terminating the call and would simply obtain a Judgment against the Plaintiff.

17. Upon information or belief, the Defendant's employee had no factual basis to believe that the Plaintiff was being dishonest. Instead, the Defendant's employee called the Plaintiff a "liar" as a means to harass, abuse or oppress the Plaintiff.

18. Upon information or belief, the Defendant's employee had no actual authority or implied authority to file a lawsuit against the Plaintiff.

19. Upon information or belief, the Defendant's employee had no present intent to obtain a judgment against the Plaintiff.

20. Upon information or belief, the Defendant's employee informed the Plaintiff that she was the "reason the economy is so bad" in order to disgrace the Plaintiff.

21. During the course of the conversation, the Plaintiff broke down and began to cry.

22.   Immediately following the conversation, the Plaintiff became fearful that the Defendant would take her home.

23.   Immediately following the conversation, the Plaintiff was required to take nerve medication.

<u>COUNT I - VIOLATION OF THE FDCPA</u>

24.   Plaintiff, Brenda Carter, adopts and incorporates paragraphs 1 through 23 as if fully set out herein.

25.   The Defendant, Valentine & Kebartas, violated the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, -e, & -f.

26.   The Defendant's, Valentine & Kebartas', violation of the FDCPA includes, but is not limited to:

- Threatening to take action that was not intended;

- Falsely representing or implying that the Plaintiff was the "reason the economy is so bad" for the sole purpose of disgracing the Plaintiff;

- Using false or deceptive means to collect or attempt to collect an alleged indebtedness; and,

- Harassing, oppressing or abusing the Plaintiff in connection with the attempted collection of a debt.

27.   At all times, the unknown male representative acted in his capacity as a Valentine & Kebartas employee.

28.   At all times, the unknown male representative was authorized to act as a Valentine & Kebartas employee.

29.   At all times, Valentine & Kebartas ratified the acts of its employee.

30.   Plaintiff has been damaged as a result of Defendant's actions.  Damages consist of, but are not limited to, fright, anxiety, nervousness, nausea, crying, loss of appetite and hysteria.

<u>COUNT II – NEGLIGENCE PER SE</u>

31.   Plaintiff, Brenda Carter, adopts and incorporates paragraphs 1 through 30 as if fully set out herein.

32.   The FDCPA, 15 U.S.C. § 1692 et seq., was enacted to protect consumers from abusive, deceptive, or unfair debt collection practices.

33.   The Plaintiff occupies that class of consumers that Congress sought to protect by its enactment of the FDCPA.

34.   The Plaintiff asserts that the FDCPA applies to her as well as the Defendant.

35.   By enacting the FDCPA, Congress specifically recognized that abusive, deceptive, or unfair debt collection practices contribute to the number of personal bankruptcies, to marital instability, to job loss and to invasions of individual privacy.

36.   By enacting the FDCPA, Congress also specifically recognized that existing laws and procedures for redressing these injuries are inadequate to protect consumers.

37.   By enacting the FDCPA, Congress further recognized that debt collectors had means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

38.   In its stated purpose to enact the FDCPA, Congress sought to "eliminate abusive debt collection practices by debt collectors."

39.   The FDCPA sets forth a statutory duty owed by the Defendant to the recipients of its collection activities.

40.   The Plaintiff has been injured by the Defendant's illegal conduct.

41.   The Plaintiff's injuries were reasonably contemplated by the FDCPA.  Congress specifically described the injuries the Plaintiff complains of.

42.   The Defendant violated the FDCPA based on the following conduct:

- Implying the Defendant's intent to file a lawsuit against the Plaintiff despite no express or implied authority to do so;

- Threatening to obtain a judgment against the Plaintiff despite no actual or implied authority to do so;

- Calling the Plaintiff a liar the natural consequences being to harass, oppress or abuse the Plaintiff;

- Falsely impugning the Plaintiff's character by stating that she, the Plaintiff, was the "reason the economy is so bad."

- Falsely calling the Plaintiff's character into question by calling the Plaintiff a liar.

- Disgracing the Plaintiff by falsely implicating that Plaintiff's disability as being the sole or major cause for the current United States economy.

43.   During the conversation, and immediately thereafter, the Plaintiff suffered from nervousness, hysteria, fright, anxiety, nausea, crying and loss of appetite.

44.   The Defendant's conduct proximately caused the Plaintiff's injuries.

<u>COUNT III - VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)</u>

45.   Plaintiff, Brenda Carter, adopts and incorporates paragraphs 1 through 44 as if fully set out herein.

46.   The Defendant violated the FCCPA, including Fla. Stat. Section 559.72.

47.   At all times, the unknown male representative acted in his capacity as Valentine & Kebartas' employee.

48.   At all times, the unknown male representative was authorized to act as Valentine & Kebartas' employee.

49.   At all times, Valentine & Kebartas ratified the acts of the unknown male representative.

50.   Plaintiff has been damaged as a result of Defendant's actions.  Damages consist of, but are not limited to, fright, anxiety, nervousness, nausea, crying, loss of appetite and hysteria.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Brenda Carter, requests this Honorable Court enter judgment against the Defendant, Valentine & Kebartas, Inc., for the following:

a)   Actual damages;

b)   Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

c)   Maximum statutory damages of $1,000.00 pursuant to FLA. Stat. § 559.77(2);

d)   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and FLA. Stat. § 559.77(2); and,

e)   All other relief that is just.

## THE PLAINTIFF REQUESTS A TRIAL BY JURY.

Respectfully submitted,

BROCK & STOUT

_____

Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
Tel:  (334) 393-4357
Fax:  (334) 393-0026
Email: christal@circlecitylaw.com